IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTON GUIRGUIS, | : | |
| Plaintiff | : | No.  1:23-cv-01684 |
| | : | |
| v. | : | CIVIL ACTION LAW |
| | : | |
| HAMPDEN TOWNSHIP, | : | JURY TRIAL DEMANDED |
| OFFICER JOHANNES NOTZ, and | : | |
| OFFICER BRADLEY CORLISS, | : | |
| Defendants | : | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

1. Admitted in part and denied in part. It is admitted that Plaintiff's claims allege unreasonable force by the individuals Defendants. However, Plaintiff's claims are specifically denied.

2. Admitted.

3. Paragraph 3 sets forth a legal conclusion to which no answer is required and the averments are therefore denied.

4. Paragraph 4 sets forth a legal conclusion to which no answer is required and the averments are therefore denied.

5. Admitted in part and denied in part. It is admitted that the Plaintiff is Anton Guirguis. Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining averments set forth in Paragraph 5 and the averments are therefore denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 9 and the averments are therefore denied.

10. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 and the averments are therefore denied.

11. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 11 and the averments are therefore denied.

12. Admitted.

13. Denied. On the contrary, Officer Notz arrived first, spoke with Plaintiff's wife and was directed upstairs.

14. Denied. The averments of Paragraph 14 are specifically denied and proof thereof is demanded. On the contrary, the wife advised that Plaintiff had

been taking some kind of drugs, believed to be steroids, from an Egyptian physician.

15. Denied. The averments of Paragraph 15 are specifically denied and proof thereof is demanded. See response to 14 above which is incorporated herein by reference.

16. Denied. The averments of Paragraph 16 are specifically denied and proof thereof is demanded at trial.

17. Denied. The averments of Paragraph 17 are specifically denied and proof thereof is demanded at trial. On the contrary, Plaintiff was exhibiting signs and symptoms of an opioid overdose. Plaintiff physically resisted the efforts of the Officers to place Plaintiff in the recovery position and provide first aid.

18. Denied. The averments of Paragraph 18 are specifically denied and proof thereof is demanded. On the contrary, Plaintiff, a large and muscular man, continued to physically resist being helped by the Officers despite the Officers attempts multiple times to tell Plaintiff to stop resisting because the Officers were there to help him.

19. Denied. The averments of Paragraph 19 are specifically denied and proof thereof is demanded. On the contrary, Plaintiff, although not speaking, was screaming and yelling and was combative with the Officers who were attempting

to help him including striking, punching and kicking at the Officers, biting the Officers and attempting to strike the Officers groin area.

20. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 20 and the averments are therefore denied. However, Plaintiff, a large and powerful bodybuilder, was combative with the Officers who were attempting to help him including striking, punching and kicking at the Officers, biting the Officers and attempting to strike the Officers groin area.

21. Admitted.

22. Denied. The averments of Paragraph 22 are specifically denied and proof thereof is demanded at trial. It is admitted that after the first dose of naloxone was ineffective, and Plaintiff continued to resist the Officers attempts to help him, a second dose was administered.

23. Admitted.

24. Denied. The averments of Paragraph 24 are specifically denied and proof thereof is demanded at trial. On the contrary, due to Plaintiff's continued struggle and aggressive actions towards the Officers, the Officers continued attempts to restrain him. Additional officers were requested.

25. Denied. The averments of Paragraph 25 are specifically denied and proof thereof is demanded at trial. On the contrary, due to Plaintiff's aggressive

behavior towards the Officers who were trying to help him and Plaintiff's attempts to bite the Officers, physical actions were taken to stop his threatening behavior.

26. Denied. The averments of Paragraph 26 are specifically denied and proof thereof is demanded at trial. On the contrary, Plaintiff's wife attempted to calm Plaintiff down and informed him that the Officers were there to help him. Plaintiff disregarded these attempts and continued aggressive and threatening actions towards the Officers.

27. Admitted.

28. Admitted in part and denied in part. Paragraph 28 is admitted except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "a paramedic stated to Ms. Davis that he thought Mr. Guirguis was experiencing the effects of a seizure" and the averments are therefore denied.

29. Denied. The averments of Paragraph 29 are specifically denied and proof thereof is demanded at trial.

30. Admitted in part and denied in part. It is admitted that Plaintiff was transported to Holy Spirit Hospital in Camp Hill, Pennsylvania. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 30 and the averments are therefore denied.

31. Paragraph 31 states a conclusion of law to which no answer is required.

32. Denied as stated. It is admitted that criminal charges were filed against Plaintiff for aggravated assault, simple assault and harassment. The reporting officer was Defendant Notz.

33. Admitted.

34. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 34 and the averments are therefore denied.

35. Admitted.

36. Denied. The averments of Paragraph 36 are specifically denied and proof thereof is demanded.

37. Denied. The averments of Paragraph 37 are specifically denied and proof thereof is demanded.

38. Admitted.

39. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 39 and the averments are therefore denied.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. §1983**
**(Plaintiff v. Officer Notz and Officer Corliss)**

40. Paragraphs 1 through 39 hereof are incorporated herein by reference.

41. Paragraph 41 states a conclusion of law to which no answer is required.

42. Paragraph 42 states a conclusion of law to which no answer is required.

43. Paragraph 43 states a conclusion of law to which no answer is required.

44. Denied. The averments of Paragraph 44 are specifically denied and proof thereof is demanded.

45. Denied. The averments of Paragraph 45 are specifically denied and proof thereof is demanded at trial.

46. Denied. The averments of Paragraph 46 are specifically denied and proof thereof is demanded at trial.

47. Denied. The averments of Paragraph 47 are specifically denied and proof thereof is demanded at trial.

48. Paragraph 48 states a conclusion of law to which no answer is required and the averments are therefore denied.

**COUNT II**
**VIOLATION OF THE FOURTH AMENDMENT FOR CONSTITUTIONALLY DEFICIENT USE OF FORCE/DE-ESCALATION POLICIES AND PRACTICES**

**42 U.S.C. §1983**
**(Plaintiff v. Defendant Township)**

49. Paragraphs 1 through 48 hereof are incorporated herein by reference.

50. Admitted.

51. Denied. The averments of Paragraph 51 are specifically denied and proof thereof is demanded.

52. Denied. The averments of Paragraph 52 are specifically denied and proof thereof is demanded.

53. Denied. The averments of Paragraph 53 are specifically denied and proof thereof is demanded.

54. Denied. The averments of Paragraph 54 are specifically denied and proof thereof is demanded.

**COUNT III**
**VIOLATION OF THE FOURTH AMENDMENT FOR**
**CONSTITUTIONALLY DEFICIENT TRAINING PRACTICES**
**42 U.S.C. §1983**
**(Plaintiff v. Defendant Township)**

55. Paragraphs 1 through 54 hereof are incorporated herein by reference.

56. Denied. The averments of Paragraph 56 are specifically denied and proof thereof is demanded at trial.

57. Denied. The averments of Paragraph 57 are specifically denied and proof thereof is demanded at trial.

58. Paragraph 58 states a conclusion of law to which no answer is required and the averments are therefore denied.

59. Denied. The averments of Paragraph 59 are specifically denied and proof thereof is demanded at trial.

60. Denied. The averments of Paragraph 60 are specifically denied and proof thereof is demanded at trial.

WHEREFORE, Defendants respectfully request entry of judgment in their favor and an Order dismissing the Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

61. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

62. The allegations of Plaintiff's Complaint are barred or limited by immunity under the applicable provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, et seq.

63. At no time were the actions of Defendants Notz and Corliss reckless or to such a degree that the Plaintiff would be entitled to punitive damages.

64. Hampden Township cannot be held liable for punitive damages.

65. Defendants Notz and Corliss are entitled to qualified immunity.

66. Defendants Notz and Corliss at all times pertinent to this cause of action, acted in good faith.

67. Defendants Notz and Corliss are entitled to absolute and/or official immunity.

68. Defendants aver that there exists no affirmative causal link between any actions on the part of the Defendants and any alleged injuries suffered by the Plaintiff.

69. It is alleged that probable cause existed to effectuate the arrest of the Plaintiff.

70. Some or all of the injuries and/or damages about which the Plaintiff complains were caused by the Plaintiff himself or were caused by third parties over whom Defendants had no control.

71. The alleged failure of supervisory officials to act or investigate cannot be the basis of liability.

72. Plaintiff's Complaint fails to plead a legitimate, sufficient and/or viable official policy or custom sufficient to support municipal liability.

73. Defendants did not engage in, issue or adopt a policy or custom which impaired or infringed upon the Constitutional Rights of the Plaintiff.

74. Any injuries or damages alleged by Plaintiff were caused by his own negligence, recklessness, or his own actions.

75. To the extent the civil rights violations claim by Plaintiff are premised on the negligent conduct of Defendants, Plaintiff cannot recover. Negligent conduct by state actors is insufficient to create federal civil – rights liability. See, e.g. Daniels v. Williams, 106 S. Ct. 662 (1986).

76. To the extent Plaintiff's claims are barred by the Supreme Court's ruling in Heck v. Humphry, 512 U.S. 477 (1994), Defendants claim same as a defense.

77. At no point did Defendants Notz and Corliss use excessive force against Plaintiff. Rather, Defendants employed reasonable force to subdue Plaintiff, who violently and aggressively resisted efforts to assist him and restrain him.

78. Plaintiff has failed to mitigate his damages.

79. Plaintiff was at all times afforded all rights and privileges to which he was entitled under the United States Constitution, Pennsylvania Constitution and all applicable state and federal laws, and at no time did Defendants violate those rights.

80. Defendants complied with applicable policies and procedures in their efforts to aid Plaintiff.

WHEREFORE, Defendants respectfully request the entry of judgment in their favor and an Order dismissing the Plaintiff's Complaint.

Respectfully submitted,

LAVERY LAW

Date: November 20, 2023            By: */s/ Karl R. Hildabrand*
                                                  Karl R. Hildabrand, Esquire
                                                  225 Market Street, Suite 304
                                                  Harrisburg, PA 17101-2126
                                                  (717) 233-6633 (telephone)
                                                  (717) 233-7003 (facsimile)
                                                  Atty No. PA30102
                                                  khildabrand@laverylaw.com
                                                  Attorney for Defendants

# **CERTIFICATE OF SERVICE**

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF System to Plaintiff's counsel.

November 20, 2023

s/ Jennifer A. Tsotakos
Legal Assistant to
Karl R. Hildabrand, Esquire